Dear Ms. Atkins:
You have requested an opinion from our office on whether a Clerk of Civil District Court can be appointed as an uncompensated member to a State Board of Higher Education. Specifically, you ask if the Clerk of the Civil District Court for the Parish of Orleans may serve as a member of the Southern University Board of Supervisors.
LSA-R.S. 42:63 sets forth the prohibitions to state dual officeholding and LSA-R.S. 42:64 sets forth incompatible office provisions; together, they provide the law applicable to the current situation. LSA-R.S. 42:63
states, in pertinent part:
 Except as otherwise provided by the Louisiana constitution, no person holding office or employment in one branch of the state government shall at the same time hold another office or employment in any other branch of the state government.
 No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
The position of Clerk of Civil District Court of Orleans Parish is an "elective office", and the membership on the Southern University Board of Supervisors is a "part time" "appointive office" as defined in LSA-R.S.42:62. LSA-R.S. 42:62 defines these terms, and other applicable terms, as follows:
 "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances or any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 "Appointive office" means any office in any branch of government or other agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically authorized by the constitution or laws of this state or by the charter or ordinances or any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
 (6) The executive branch of state government includes the following named officers and all other officers, agents, employees, or other persons holding or exercising an employment with them, namely, the Board of Supervisors of Southern University and Agricultural and Mechanical College
 (8) The judicial branch of state government includes all judges, employees, and agents of the supreme court, the judicial administrator, courts of appeal, district courts, including the civil and criminal district courts of Orleans Parish, parish courts, city courts, juvenile and family courts, and any other judicial offices and instrumentalities of the state, but does not include judges or employees of courts not enumerated in this Paragraph.
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
Because your request involves the above defined positions, it is clear that we must evaluate the situation under LSA-R.S. 42:63. The Clerk of Court is a separate "political subdivision" as defined in LSA-R.S. 42:62
(9). Because it is not a position in the "judicial branch of the government of the state", it would not violate [R.S. 42:63 (B) ] to also hold the position on the Southern University Board of Supervisors, which is a position in the "executive branch of the government of this state", as specified in LSA-R.S. 42:62 (6).
It is also the opinion of this office that LSA-R.S. 42:63 (C) would not be applicable because the Clerk of Court is not an elective office in the "government of this state." LSA-R.S. 42:62 defines "political subdivision" to include clerks of court, and by extension, excludes clerks of courts from being classified as "government of this state". This section, therefore, does not prohibit the membership on the Southern University Board of Supervisors.
LSA-R.S. 42:63 (D) also does not prohibit the dual holding of these offices. The first prohibition, "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof" is inapplicable because the uncompensated membership on the Board of Supervisors is a part-time, as opposed to full-time, appointive office.
LSA-R.S. 42:62 (5) defines "part time", by referencing LSA-R.S. 42:62
(4)'s full time requirements, as a job that would require less than seven (7) hours per day and less than thirty-five (35) hours per week of work. Because the position on the Southern University Board of Supervisors will require less than the "full time" hours, the position is "part time" appointive. (See LSA-R.S. 17:1851 for Southern University Board of Supervisors appointment provisions).
The second prohibition, "No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds elective office" is inapplicable here because the term "employment", as defined in LSA- R.S. 42:62, does not cover the Board of Supervisors' position. "Employment" is defined as "any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof."
The third prohibition provides that, "In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court." It is the opinion of this office that this prohibition applies only to local school boards and not the Southern University Board of Supervisors.
Because most of the incompatible office provision is inapplicable to the current situation, we will only briefly mention the relevant part. LSA-R.S. 42:64 states, in pertinent part:
 No other combination of offices or employments shall be deemed to be incompatible unless the powers, functions, or duties are found to be adverse to the public interest as set forth in Section 61 of this Part.
LSA-R.S. 42:61 is concerned "when a public official or employee holds two or more public offices or public jobs which by their particular nature conflict with the duties and interests of each other." It is the opinion of this office that the positions of Clerk of Court for the Civil District for the Parish of Orleans and an uncompensated member of the Southern University Board of Supervisors do not conflict with each other, as prohibited in LSA-R.S. 42:61.
It is the opinion of this office that the holding of both the position of Clerk of Civil District Court for the Parish of Orleans and the uncompensated membership on the Southern University Board of Supervisors is permissible. Should you need additional information please do not hesitate to contact this office.
 Yours very truly, CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ CHARLES H. BRAUD, JR. ASSISTANT ATTORNEY GENERAL
CCF/CHB; jnp